[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST JUDGMENT MOTION FOR MODIFICATION (MOTION NO. 123)
This action commenced in October 1999 seeking custody of two minor children, Sean born May 6, 1989 and Seth born March 15, 1991. Judgment of joint legal custody, the children to reside principally with their father, was entered on November 18, 1999. The agreement entered into by the parties states that the father shall be "the custodial parent."
In their agreement, the parties agreed upon support to be paid by the defendant to the plaintiff in the amount of $50.00 per week which was, at that time, in accordance with the child support guidelines. The defendant has moved for modification claiming that she is not feeling well, that she is unable to pay medical bills and hospital bills, that she is under a physician's care, and that she is a part time worker only.
The $50.00 per week support order has continued in effect to the present time. On March 25, 2002, the court ordered that the defendant pay $25.00 per week toward an arrearage round to be $3,220 as of March 21, 2002. The court deals with the plaintiff's Motion for Contempt in a separate memorandum of decision.
In order to have a complete understanding of this motion, the following is quoted from the Family Services' custody and visitation evaluation report dated March 21, 2002:
Gary Pond and Pamela Bautista were married in 1982, divorced in 1986, but did not separate until 1998. The mother still uses her married name. Two children were born of this union, Sean, almost fourteen, and eleven-year-old Seth. Sean goes to Tomlinson Middle School in Fairfield and is in the eighth grade. He has a diagnosis of Attention Deficit Hyperactive Disorder (ADHD). Seth attends the fifth grade at McKinley elementary school in Fairfield. He has a diagnosis of CT Page 1193 Attention Deficit Disorder (ADD). The father lives in Fairfield with the children and works at Systems Professions Connecticut Computer Training Center in, Milford, Connecticut, doing admissions work with students. The mother lives in Stratford with her male companion, John Fignar. She works sporadically and is currently unemployed. Mr. Fignar works at Sikorsky Aircraft from 11:00 p. m. until 7:00 a.m.
The employment of both parties has changed since March 2002. The plaintiff is employed by J.S. Pabuck of East Brunswick, New Jersey. The defendant is employed part time at ShopRite as a cashier working a twenty hour week.
At the time this motion was originally scheduled, the defendant's net weekly income was $305. Since that time she has lost her job as a companion and is now receiving only her pay as a cashier at ShopRite. Just this week, her hours were increased from twenty hours per week to thirty hours per week. Her earnings must be computed on a thirteen week period. For a thirteen week period, her earnings have been $158 per week.
The plaintiff claims that his rental income is reduced because two of his tenants are behind in their rent. Income again must be computed for a thirteen week period. The court has determined child support on the basis of plaintiff's net income of $650 per week.
An order for support was entered in this case on November 18, 1999. While the defendant has worked sporadically and has often been unemployed, the $50.00 per week order has remained in effect. At the time of the original order, defendant's net weekly income was $220. The basic child support obligation in accordance with the guidelines was $294 per week of which defendant's share was $50.00.
With defendant's net weekly wage of $158 and the plaintiff's net weekly income of $650, the basic child support obligation is $273. Defendant's support obligation is $53.00 per week based upon the child support guidelines.
Section 46b-86 (a) is the provision of the General Statutes controlling modification. This statute requires a finding by the court of a substantial change in the circumstances of either party for the court to grant a modification. The statute states further that there shall be a rebuttable presumption that any deviation of less than fifteen percent from the guidelines is not substantial There has been no evidence to overcome that rebuttable presumption and the deviation is less than CT Page 1194 fifteen percent. The court's order for support shall remain as previously ordered.
As previously noted, the court ordered $25.00 per week to be paid toward the arrearage. The guidelines require that no order upon an arrearage shall exceed twenty percent of the weekly current support order. The order of $25.00 on the arrearage does exceed twenty percent of the weekly support order. The court grants so much of the motion seeking modification and reduces the payment on the arrearage from $25.00 per week to $10.00 per week effective January 9, 2003. The remaining portion of the motion that is seeking a reduction in the weekly support amount from $50.00 per week to $35.00 per week is denied.
___________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 1195